## SUPREME COURT.

ANDREW J. BATES *et al.* agt. SAMUEL PLONSKY *et al.*

*Action —Right of attaching creditors to remove fraudulent obstructions to the due execution of process — Complaint — When not multifarious — Injunction — Code of Civil Procedure, sections 603, 604, 619.*

Where the allegations of the complaint showed that plaintiffs have a lien by attachment on a certain stock of goods of defendant, Samuel Plonsky, which lien was acquired December 24, 1881, and still is in force. That on December 13, 1881, Samuel Plonsky made a general assignment to Eli M. Cohen, who claims the said attached property and has notified the sheriff of such claim ; that in said assignment the defendants Anna, Ezekiel and Moses Plonsky are preferred creditors; that the assignment is fraudulent and void, and part of a fraudulent conspiracy between the defendants, and that the preferred claims are wholly or in part fictitious ; that on December 23, 1881, notwithstanding those preferences, the defendant, Samuel Plonsky, confessed judgments to each of the defendants Anna, Ezekiel and Moses Plonsky upon the same debts for which they are preferred in the assignment. Executions were on that day issued to the sheriff, who took possession of the same property attached by the sheriff upon the warrants of plaintiffs. That these executions are prior liens to those of the plaintiff, and sheriff recognizes them as such. It is charged, and the proofs show, that these judgments and executions form and are a part of the conspiracy to defraud the creditors of Samuel Plonsky. The prayer of the complaint is substantially that the obstructions created by the fraudulent execution and assignment be removed. The action is brought by plaintiffs against Samuel Plonsky, Eli M. Cohen, Anna Plonsky, Ezekiel Plonsky and Moses Plonsky, and a motion is made for an injunction to restrain the defendants from receiving and the sheriff from paying these amounts of the executions:

*Held, first,* that the right of action can be sustained upon the principle that the attaching creditors have a specific lien which entitles them to remove fraudulent obstructions to the due execution of the process.

*Second.* That the complaint is not multifarious for the reason that a conspiracy between all the defendants is charged, and the various devices which have been resorted to are but the details of a single scheme and a common purpose.

*Third.* That a *prima facie* case for an injunction both upon the law and the facts has been made out.

*At Chambers, January,* 1882.

THE motion is to restrain the defendants from receiving and the sheriff from paying the amounts of certain executions in the hands of the latter, issued upon judgments confessed in favor of the former by the defendant, Samuel Plonsky. The allegations of the complaint show: That plaintiffs have a lien by attachment on a certain stock of boots and shoes of the defendant, Samuel Plonsky. This lien was acquired December 24, 1881, and still is in force. That on the 13th of December, 1881, Samuel Plonsky made a general assignment to Eli M. Cohen, and that he claims the said attached property and has notified the sheriff of such claim. That in said assignment the defendants, Anna, Ezekiel and Moses Plonsky, are preferred creditors in amounts aggregating $5,200. That the assignment is fraudulent and void, and is a part of a fraudulent conspiracy and combination between the defendants, and that the preferred claims are wholly or in part fictitious. That on the 23d day of December, 1881, notwithstanding the preferences, the defendant, Samuel Plonsky, confessed judgments to each of the defendants, Anna, Ezekiel and Moses Plonsky, upon the same debts for which they are preferred in the assignment, upon which judgments executions were on that issued to the sheriff of this county, who took possession of the same property attached by the sheriff upon the warrants of plaintiffs. That these executions are prior liens to those of the plaintiff, and sheriff recognizes them as such. That these judgments are confessed upon fraudulent claims and because it was feared by them that the assignment would be set aside as fraudulent, because of the fictitious character of the preferences, and that the plaintiffs intended to and would indemnify against the claim of the assignee, was it that these judgments were confessed and the execution issued? That these defendants as such judgment creditors have indemnified the sheriff against the claim of the assignee, thus substantially confessing the invalidity of the assignment and that the assignee's claim is fraudulent, and that it is fraudulent

because the preferences are fictitious. If that be so, and there can be no other construction to this inconsistent conduct, then the judgments and executions must likewise be fraudulent, they being based on the same claims that are preferred in the assignment. It is further shown that Ezekiel Plonsky, one of the indemnifying judgment creditors, is one of the sureties of the assignee upon two separate bonds or undertakings. That the assignee was, up to recently, a clerk of Otto Horwitz, his attorney, and now occupies the same office with the attorney for these judgment creditors. It is charged that these judgments and executions form and are a part of the conspiracy to defraud the creditors of Samuel Plonsky. Anna Plonsky, the wife of defendant, and Moses Plonsky are wholly insolvent. Ezekiel Plonsky has incumbered his property so that unless enjoined from receiving this money the remedy of plaintiffs will be fruitless. The prayer is substantially that the obstructions created by the fraudulent execution and assignment be removed. Affidavits are annexed showing first, by Jerome M. Bates, that Plonsky first offered twenty-five then fifty cents in settlement. Thus showing that by his first offer, at least, he did not intend to act fair with his creditors, and that only after the offers were refused was it that these concessions were given. Mr. Isaac Weil shows that defendant in July stated he opened the Sixth avenue store with $4,000 to $5,000, his own money, which bears upon the validity of the preferred claims which are pretended to be for money borrowed for the Sixth avenue store. Mr. John E. Jacobs shows that the preference to the wife is founded upon a fictitious claim as well as that of Moses Plonsky. That the claim of Ezekiel Plonsky does not appear in the schedules; that the said Ezekiel told him, Jacobs, that all that Samuel owed him was $1,500. It is also charged that the attorney and the assignee, after such judgments were confessed, openly boasted of the apparent success of their scheme to defraud.

*Blumenstiel & Hirsch*, for plaintiffs and for motion, made and argued the following points:

I. As to the right of action — Plaintiffs having a specific lien upon chattels, have a right to maintain an action to remove any obstruction in their way created by fraud, and this though they be not judgment creditors. This principle is sustained by authority (*Rinchey* agt. *Stryker*, 28 *N. Y.*, 45; *Falconer* agt. *Freeman*, 4 *Sandf. Ch.*, 565; *Thayer* agt. *Willett*, 5 *Bosw.*, 344; *Kelly* agt. *Lane*, 42 *Barb.*, 608; *Thurber* agt. *Blanch*, 50 *N. Y.*, 80). The case of *Frost* agt. *Mott* (34 *N. Y.*, 253), seems to be almost directly in point with the case at bar. It is there held that: "A party attaching property in possession of his debtor, acquires a specific lien on his interest thereon, and is entitled, like a judgment creditor, to impeach the title of a fraudulent mortgagee (*Greenleaf* agt. *Mumford*, 19 *Abb.*, 469; *Kelly* agt. *Lane*, 42 *Barb.*, 594, 608, 609).

II. The foregoing case all hold on principle as well as in point that the creditor obtains a specific lien through the attachment by the fact of the levy thereunder and the taking of the property into his actual possession (48 *Barb.*, 605). That the levy of an attachment creates a specific lien sufficient to authorize an affirmative action of this character, appears not only by the authorities already cited, but by the following cases (*Falconer* agt. *Freeman*, 4 *Sandf. Ch.*, 565; *Greenleaf* agt. *Mumford*, 30 *How.*, 30; *S. C.*, 19 *Abb.*, 469). The sheriff having prior to the issue of the attachments had the property in his possession, no new formal levy or notice was necessary (*Wehle* agt. *Conner*, 83 *N. Y.*, 231).

III. It is claimed that the bill is demurrable for multifariousness of parties — that is, that causes of action have been improperly united. A complete answer to this is, that the bill charges a joint conspiracy to defraud by all the parties, and that such conspiracy is attempted to be enforced by and through the various instruments asked to be set aside, and hence really sets up but one cause of action. Again this is

Bates *et al.* agt. Plonsky *et al.*

an action in equity to remove fraudulent obstructions to our complete possession, and the object of the bill is, in reality, single, to wit, to recover unobstructed. possession of the same property (*Boyd* agt. *Hoyt*, 5 *Paige Ch.*, 66; *Fellows* agt. *Fellows*, 4 *Cow.*, 682; *Brinkerhoof* agt. *Broe*, 6 *Johns. Ch.*, 139; *Hammond* agt. *Hudson River Iron Co.*, 20 *Barb.*, 379; *Reed* agt. *Stryker*, 12 *Abb.*, 47; *Morton* agt. *Weil*, 11 *Abb.*, 421; *Newbold* agt. *Warren*, 14 *Abb.*, 80; *Jacob* agt. *Boyle*, 16 *How.*, 106; *Getty* agt. *Devlin*, 70 *N. Y.*, 504; *Beards* agt. *Wheeler*, 76 *N. Y.*, 214).

IV. An action may be brought to set aside fraudulent judgments, though there is a remedy by motion (*Beards* agt. *Wheeler*, 76 *N. Y.*, 214; *Miller* agt. *Earle*, 24 *N. Y.*, 112). The latter cases recognizes the right in favor of one who obtains a legal or equitable lien (*Dunham* agt. *Waterman*, 17 *N. Y.*, 9, 15). The judgments are assailed for fraud. Fraud vitiates a judgment, as well as even the most solemn transaction, and any one affected by a fraudulent judgment may invoke the aid of the court of equity for relief (*Whittley* agt. *Delaney*, 73 *N. Y.*, 574; *Dobson* agt. *Pearce*, 12 *N. Y.*, 165).

V. It is clear that the plaintiffs right of action is complete, the next question is, ought an injunction be granted? We allege fraud and conspiracy as the foundation of this action, and besides establish the insolvency of the parties. A strong *prima facie* case is made out, and as all that is sought to be restrained is the payment of money, no greater damage than the loss of interest can ensue, and even that can be lessened by a deposit in an interest paying institution. Section 604 of the Code of Civil Procedure provides for the injunction now asked for, and it is possible that section 603 is also applicable. Section 619 also provides that where it is claimed that the judgment, verdict, &c., was obtained by actual fraud, the security provided for in cases of staying judgments in previous sections may be dispensed with.

VI. Upon the face of the transaction the entry and confession of these judgments was a fraud. These parties were

all preferred by the assignment. They were substantially secured. Why, then, the need of these confessions, and why indemnify the sheriff against the title of the assignee under the very assignment in which they are preferred? If the assignment be a valid instrument, then they were perfectly secured and the confessions were made for a fraudulent purpose, to cheat the other creditors and bring this case almost on all fours with that of *Burns* agt. *Morse* (6 *Paige*, 108). On the other hand, if the assignment be void for fraud, it must be because the claims preferred are fictitious (as no other ground therefor is alleged), and by indemnifying the sheriff, as these defendants have done, they substantially say that the property assigned does not belong to the assignee because of the fraudulent character of the assignment. That the debts preferred are fraudulent. If so, the defendants' judgments are equally fraudulent. And the relationship of the judgment debtor with these parties, as well as those of the assignee, and the attorneys for the plaintiffs in those suits, and the attorney for the assignee, almost conclusively establish a fraudulent and unlawful conspiracy.

VII. As to the confessions of judgments. We claim that these are defective on their face, and do not comply with the law. Section 1274, subdivision 2 of the Code of Civil Procedure requires the confession to state concisely the facts out of which the debt arose; and must show that the sum confessed therefor is justly due or to become due. 1st. The statement alleges that the sum was to be repaid on demand. There is no allegation of any demand having been made. As the money is only to be repaid on demand, such demand may never be made. Besides, the statement is too general — it does not show the particular dates nor the amounts of the loans (*Davis* agt. *Morris*, 21 *Barb.*, 152; *Daly* agt. *Matthews*, 12 *Abb.*, 403, *note;* *Dunham* agt. *Waterman*, 17 *N. Y.*, 9, 12 *to* 14; *Winnebrenner* agt. *Edgerton*, 30 *Barb.*, 185). In the other two judgments a demand is alleged, but the statement otherwise is similarly defective, as being too

Bates *et al.* agt. Plonsky *et al.*

general, as against the plaintiff; these are not mere irregularities, but render the judgment void absolutely (*Daly* agt. *Matthews,* 12 *Abb.,* 406, *and the following cases there cited;* *Dunham* agt. *Waterman,* 17 *N. Y.,* 9, 14; 12 *N. Y.,* 215; *Winnebrenner* agt. *Edgerton,* 30 *Barb.,* 117, 185, 325; 13 *How.,* 142, 472). No amendment can be allowed so as to give it priority over liens subsequently secured. Whether the judgments be on their face valid or not, it is sufficient that they are *prima facie* fraudulent, and the motion should be granted, with costs.

BARRETT, *J.* — After going over the plaintiff's excellent brief, in connection with all the papers submitted upon this motion, I am satisfied that a *prima facie* case for an injunction, both upon the law and the facts, has been made out. The complaint is not multifarious, for the reason that a conspiracy between all the defendants is charged, and the various devices which have been resorted to are but the details of a single scheme and a common purpose. As to the right of action, I am inclined to think that it can be sustained upon the principle that the attaching creditors have a specific lien which entitles them to remove fraudulent obstructions to the due execution of the process. At all events there is enough in the question for the full consideration of the trial court. Upon the whole the motion must be granted, with ten dollars costs to abide the event.